```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )     | |
| )     | |
|        **Plaintiff,** )    | |
| )    | |
|   vs. )    | No. 4:96CR149-DJS |
| )    | |
| **RONALD H. BREWSTER,** )    | |
| )    | |
|        **Defendant.** )    | |

## ORDER

Now before the Court is defendant Ronald H. Brewster's motion to reduce sentence, filed pursuant to 18 U.S.C. §3582(c) in view of the retroactive amendment of the United States Sentencing Guidelines applicable to defendant's sentence in this matter for conspiracy to distribute cocaine base. Defendant filed a motion *pro se,* and subsequently counsel filed a motion on his behalf. The government has filed a response to the motion. The United States Probation Office has prepared a report on the matter, which has been served on both counsel.

At defendant's sentencing on October 18, 1996, the 1995 Sentencing Guidelines were applied. Based upon a Total Offense Level of 35 and a Criminal History Category of I, the Guidelines provided an imprisonment range of 168 to 210 months. The Court sentenced defendant to a term of 168 months, to be followed by a 5-year term of supervised release, and a special assessment of $50.

Both counsel and the Probation Office agree that application of the amended guidelines as set forth in the 2007 Guidelines Manual yields a Total Offense Level of 33 and an imprisonment range of 135 to 168 months. In his *pro se* motion, Brewster suggests, without explanation, that he should be resentenced without the 2-point offense level enhancement he previously received for his role in the offense. As the Sentencing Commission has expressed in §1B1.10(a)(3), relief due to a retroactive Guidelines amendment pursuant to §3582(c)(2) does "not constitute a full re-sentencing of the defendant." Subsection (b)(1) of §1B1.10 further underscores that other than the retroactively amended guidelines provisions, "all other guideline application decisions" are "unaffected." See also §1B1.10(b)(2)'s "Limitations and Prohibition on Extent of Reduction." Even had Brewster offered an argument in support of his assertion concerning the enhancement, the Court will not reconsider Guidelines application issues other than those directly impacted by the retroactive amendment.

Having determined the potential applicability of the retroactively revised Guidelines, the Court must next consider whether to exercise its discretion to grant defendant a sentence reduction. The Court gives consideration to the factors set forth in 18 U.S.C. §3553(a), and particularly to the generally satisfactory nature of defendant's institutional adjustment while

incarcerated, indicated in the Probation Office's report.  Having sentenced defendant to the bottom of the previously applicable Guidelines imprisonment range, and perceiving no basis for not doing so now, the Court will grant defendant the maximal reduction made possible by the retroactive amendment of §2D1.1, and resentence defendant to a term of 135 months' imprisonment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) [Docs. #39 & #40] are granted, as indicated in the Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) separately issued herein this day.

Dated this   3rd   day of March, 2008.

                                          /s/ Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE